UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAETEAN JOHNSON, individually and on behalf of all others similarly situated, ) ) ) **Plaintiff,** ) ) v. ) ) RALPHS GROCERY COMPANY d/b/a ) FOOD 4 LESS MIDWEST, and THE ) KROGER CO., ) ) **Defendants.** | Case No: |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, and the jurisdictional provisions of the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d)(2) and 28 U.S.C. § 1453(b), Defendants Ralphs Grocery Company d/b/a Food 4 Less Midwest ("Ralphs") and The Kroger Co. ("Kroger") (collectively "Defendants") remove this putative class action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division. *See* Civil Action Cover Sheet filed herewith as **Exhibit A**. As explained below, this putative class action is subject to the Court's jurisdiction under 28 U.S.C. § 1332(d)(2) because minimal diversity exists and the amount placed in controversy by the putative class members' claims exceeds $5,000,000.

### Overview of the Claims Asserted and Relief Sought

1. Plaintiff Maetean Johnson ("Plaintiff") filed a class action complaint (the "Complaint") in which she alleges Defendant violated the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS § 14/1, *et seq. See* Compl. attached hereto as **Exhibit B**. In particular, she alleges Defendants violated Sections 15(a), 15(b), and 15(d) because they allegedly collected, captured, stored, obtained, used, and/or disseminated their employees' fingerprints without: (a) informing them of the specific purpose and length of time for which their

fingerprints were collected and stored; (b) making publicly available a retention schedule and policy for destroying their fingerprints; and (c) obtaining a written release in which they authorized Defendants to collect, capture, store, and/or use their fingerprints. *See generally* Compl. (Ex. B).

2. Plaintiff purports to bring her BIPA claims on behalf of, not just employees of the named defendants, Kroger and Ralphs, but all individuals working in facilities affiliated with Kroger and Ralphs. She defines the class as follows:

> All individuals working for Defendants or any of their affiliated facilities in the State of Illinois who had their fingerprints and/or any other biometric identifier or biometric information collected, captured, received, or otherwise obtained, maintained, stored, or disclosed by Defendants during the applicable statutory period.

Compl., ¶61 (Ex. B).

3. Plaintiff asks the Court to award "statutory damages of $5,000 for *each* intentional and/or reckless violation" of the above referenced sections of BIPA (i.e., $15,000 per putative class member). Compl., Prayer for Relief, ¶C (Ex B). (emphasis in original).

### Basis for the Court's Jurisdiction Under CAFA

4. CAFA amended 28 U.S.C. § 1332 to grant United States district courts original jurisdiction over "any civil action:" (a) in which the "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs" and (b) which is a "class action" in which, among other things, "any member of a class of plaintiffs is a citizen of a State different from any defendant." This case meets all the requirements for jurisdiction under CAFA and 28 U.S.C. § 1332(d)(2).

**A.    This Matter Is a "class action" Under CAFA.**

5. A "class action" for purposes of CAFA is defined as "any civil action filed in a district court of the United States under rule 23 of the Federal Rules of Civil Procedure or any

civil action that is removed to a district court of the United States that was originally filed under a State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Plaintiff seeks to bring BIPA claims, pursuant to 735 ILCS § 5/2-801, on behalf of "[a]ll individuals working for Defendants or any of their affiliated facilities in the State of Illinois who had their fingerprints and/or any other biometric identifier or biometric information collected, captured, received, or otherwise obtained, maintained, stored, or disclosed by Defendants during the applicable statutory period." Compl., ¶61 (Ex. B). This action therefore is a "class action" under CAFA.

**B.     The Requirement of Minimal Diversity Is Met.**

6.     Plaintiff is a citizen of the State of Illinois. Compl., ¶18 (Ex. B). Neither defendant is a citizen of the State of Illinois.

7.     A corporation "shall be deemed . . . a citizen of every [s]tate . . . by which it has been incorporated and of the [s]tate ... where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business" under § 1332(c)(1) is its "nerve center," that is, "the place where the corporation maintains its headquarters . . ." *Hertz Corp. v. Friend,* 559 U.S. 77, 92–93 (2010).

8.     The application of the *Hertz* rule to this case is straightforward. Kroger is an Ohio corporation headquartered in Cincinnati, Ohio. *See* Kroger's corporate record attached as hereto **Exhibit C**. Ralphs is an Ohio corporation headquartered in California. *See* Ralphs' corporate record attached hereto as **Exhibit D**.

9.     Plaintiff, by contrast, is a citizen of the State of Illinois. Compl., ¶18.

10.    Minimal diversity therefore exists under 28 U.S.C. § 1332(d)(2)(A). *Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 965–66 (7th Cir. 2016) (minimal diversity existed

and the court had CAFA jurisdiction because the class representatives were citizens of Illinois, while the defendant was a Delaware corporation with its principal place of business in Arizona).

### C. The "Matter in Controversy" Aggregated Across All the Class Members' Claims Meets the CAFA Threshold.

11. The amount in controversy under CAFA is satisfied "if the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). For purposes of determining the amount in controversy in class actions, CAFA expressly requires that "the claims of the individual members shall be aggregated . . ." 28 U.S.C. § 1332(d)(6). The Seventh Circuit has held that, in a CAFA removal, the "defendant is entitled to present a good-faith estimate of the stakes . . . [and] . . . [i]f that estimate exceeds the jurisdictional minimum, it controls and allows removal unless recovery exceeding the jurisdictional minimum would be legally impossible." *Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 831 (7th Cir. 2011) (vacating district court order that had remanded consumer fraud class action to Illinois state court).

12. Based on the allegations contained in the Complaint, it is clear that Plaintiff seeks class-wide relief that exceeds $5,000,000.

13. Plaintiff alleges three different BIPA violations, which, according to her allegations, collectively entitle Plaintiff and each putative class member to $15,000 in statutory damages under BIPA, plus attorneys' fees. *See generally* Compl., and Prayer for Relief, ¶C (Ex. B) (requesting an award of $5,000 in statutory damages for each reckless or intentional violation of BIPA). Thus, if plaintiff prevailed on her liability and damages claims, which Defendants vigorously deny, each class member could potentially recover $15,000.

1051036\310689481.v1

14. Further, there are at least 1,000 members of the broadly defined class that Plaintiff seeks to represent.[1] Ralphs and Kroger operate numerous grocery stores in the State of Illinois. As a result, there are more than 1,000 current and former employees of Defendants and/or their affiliates who used the timeclock system with finger scanner that underlies Plaintiff's BIPA claims during the five-year period extending back from the date Plaintiff filed this action on March 25, 2022. If each member of a 1,000-employee class was awarded $15,000 ($5,000 for each of the three different violations alleged), the aggregate class award would equal $15,000,000 (1,000 employees, times three alleged violations per employee, times $5,000 per alleged violation). Therefore, the matter-in-controversy threshold under 28 U.S.C. § 1332(d)(2) is met.

15. While Plaintiff's putative class claims put in controversy an amount exceeding the CAFA minimum, Defendants adamantly deny that they violated any requirement of BIPA. Among other things, the evidence will show that the challenged timeclock system did not in fact capture or collect "biometric information" or "biometric identifiers" as those terms are defined in BIPA and that class members are covered by collective bargaining agreements or individual agreements authorizing the use of the challenged timeclock system and/or requiring arbitration of these claims.

**Procedure for Removal**

16. Defendant was served with process on April 6, 2022. Defendant filed this notice within thirty days of that date. Thus, this notice is timely.

---

[1] Defendants deny that Plaintiff, a former Ralphs employee, is a proper class representative for current and former employees of Kroger or Kroger's affiliated companies. Nonetheless, plaintiff seeks to represent a broad class that includes "[a]ll individuals working for" Ralphs, Kroger, and each of their "affiliated facilities." Compl. ¶61. By putting forward this broad definition, Plaintiff apparently seeks BIPA damages on behalf of not just employees of Kroger and Ralphs, but Illinois employees of other companies affiliated with Kroger and Ralphs.

17. Defendant also has already filed or will file this notice of removal with the Circuit Court of Cook County, Illinois in accordance with 28 U.S.C. § 1446(d).

18. Defendant has attached as Exhibit B a copy of all process and pleadings served upon it in the Circuit Court of Cook County.

Respectfully submitted by:

Ralphs Grocery Company d/b/a Food 4 Less Midwest and The Kroger Co.

By: /s/ Joseph D. Kern
Diane Webster
Peter E. Pederson
Joseph D. Kern
HINSHAW & CULBERTSON LLP
151 North Franklin Street, Suite 2500
Chicago, Illinois 60606
(312) 704-3000 Phone
(312) 704-3001 Fax
dwebster@hinshawlaw.com
ppederson@hinshawlaw.com
jkern@hinshawlaw.com

## CERTIFICATE OF SERVICE

  The undersigned attorney certifies that on March 6, 2022, he electronically filed this document through the Court's CM/ECF system, which will cause a copy of the document to be delivered electronically to counsel of record identified below. The undersigned also caused a copy of this document to be sent to counsel identified below by email.

<u>Counsel for Plaintiff</u>
Ryan F. Stephan
James B. Zouras
Haley R. Jenkins
STEPHAN ZOURAS, LLP
100 N. Riverside Plaza, Suite 2150
Chicago, Illinois 60606
rstephan@stephanzouras.com
jzouras@stephanzouras.com
hjenkins@stephanzouras.com

*/s/ Joseph D. Kern*