Hearing Date: No hearing scheduled by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.
Location: <<CourtRoomNumber>>
Judge: Calendar, 1



| | | |
|---|---|---|
| **STATE OF ILLINOIS, CIRCUIT COURT** | **SUMMONS** | For Court Use Only<br><br>FILED<br>3/25/2022 4:35 PM<br>IRIS Y. MARTINEZ<br>CIRCUIT CLERK<br>COOK COUNTY, IL<br>2022CH02683<br>Calendar, 1<br>17250212 |
| Cook ▼ **COUNTY** | | |

FILED DATE: 3/25/2022 4:35 PM   2022CH02683

**Instructions ▼**

Enter above the county name where the case was filed.

MAETEAN JOHNSON
**Plaintiff / Petitioner** (First, middle, last name)

Enter your name as Plaintiff/Petitioner.

v.

Enter the names of all people you are suing as Defendants/ Respondents.

RALPHS GROCERY COMPANY .,
d/b/a FOOD 4 LESS MIDWEST, and THE KROGER CO.
**Defendant / Respondent** (First, middle, last name)

2022CH02683

**Case Number**

Enter the Case Number given by the Circuit Clerk.

☐ **Alias Summons** (Check this box if this is not the 1st Summons issued for this Defendant.)

**IMPORTANT INFORMATION:**

There may be court fees to start or respond to a case. If you are unable to pay your court fees, you can apply for a fee waiver. You can find the fee waiver application at: illinoiscourts.gov/documents-and-forms/approved-forms/.

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit illinoislegalaid.org.

Call or text Illinois Court Help at 833-411-1121 for information about how to go to court including how to fill out and file forms. You can also get free legal information and legal referrals at illinoislegalaid.org.

**Plaintiff/Petitioner:**

Do not use this form in an eviction, small claims, detinue, divorce, or replevin case. Use the *Eviction Summons, Small Claims Summons, or Summons Petition for Dissolution of Marriage / Civil Union* available at illinoiscourts.gov/documents-and-forms/approved-forms. If your case is a detinue or replevin, visit illinoislegalaid.org for help.

If you are suing more than 1 Defendant/Respondent, fill out a *Summons* form for each Defendant/Respondent.

In 1a, enter the name and address of a Defendant/ Respondent. If you are serving a Registered Agent, include the Registered Agent's name and address here.

**1. Defendant/Respondent's address and service information:**

a. Defendant/Respondent's primary address/information for service: Ralphs Grocery Company

Name (First, Middle, Last):   d/b/a FOOD 4 LESS MIDWEST, and THE KROGER CO.,

Registered Agent's name, if any: ILLINOIS CORPORATION SERVICE COMPANY

Street Address, Unit #:   801 ADLAI STEVENSON DRIVE

City, State, ZIP:   SPRINGFIELD , IL 62703

Telephone:  _____  Email:  _____

In 1b, enter a second address for Defendant/ Respondent, if you have one.

b. If you have more than one address where Defendant/Respondent might be found, list that here:

Name (First, Middle, Last):  _____

Street Address, Unit #:  _____

City, State, ZIP:  _____

Telephone:  _____  Email:  _____

In 1c, check how you are sending your documents to Defendant/ Respondent.

c. Method of service on Defendant/Respondent:

☑ Sheriff          ☐ Sheriff outside Illinois:  _____
                                                   *County & State*

☐ Special process server          ☐ Licensed private detective

FILED DATE: 3/25/2022 4:35 PM    2022CH02683

| | |
|---|---|
| In **2**, enter the amount of money owed to you. | **2.** **Information about the lawsuit:**<br>Amount claimed: $ _____ |
| In **3**, enter your complete address, telephone number, and email address, if you have one. | **3.** **Contact information for the Plaintiff/Petitioner:**<br>Name *(First, Middle, Last)*:  Stephan Zouras LLP - Haley R. Jenkins<br>Street Address, Unit #:  100 N. Riverside Plaza Suite 2150<br>City, State, ZIP:  Chicago, IL 60606<br>Telephone:  (312) 233-1550    Email:  hjenkins@stephanzouras.com |

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

| **Important information for the person getting this form** | You have been sued. Read all of the documents attached to this *Summons*.<br>To participate in the case, you must follow the instructions listed below. If you do not, the court may decide the case without hearing from you and you could lose the case. *Appearance* and *Answer/Response* forms can be found at: illinoiscourts.gov/documents-and-forms/approved-forms/. |
|---|---|

| | |
|---|---|
| Check **4a** or **4b**. If Defendant/Respondent only needs to file an *Appearance* and *Answer/Response* within 30 days, check box **4a**. Otherwise, if the clerk gives you a court date, check box **4b**. | **4.** **Instructions for person receiving this *Summons* (Defendant):**<br>☑ **a.** To respond to this *Summons*, you must file *Appearance* and *Answer/Response* forms with the court within 30 days after you have been served (*not counting the day of service*) by e-filing or at:<br>Address:  50 W. Washington Street<br>City, State, ZIP:  Chicago, IL 60602 |
| In **4a**, fill out the address of the court building where the Defendant may file or e-file their *Appearance* and *Answer/ Response*. | ☐ **b.** Attend court:<br>On: _____ at _____ ☐ a.m. ☐ p.m. in _____<br>       *Date*        *Time*            *Courtroom*<br>**In-person at:**<br>_____<br>*Courthouse Address*    *City*       *State*   *ZIP*<br>**OR** |
| In **4b**, fill out:<br>•The court date and time the clerk gave you.<br>•The courtroom and address of the court building.<br>•The call-in or video information for remote appearances (if applicable).<br>•The clerk's phone number and website. All of this information is available from the Circuit Clerk. | **Remotely** (You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance"):<br>By telephone: _____<br>               *Call-in number for telephone remote appearance*<br>By video conference: _____<br>                   *Video conference website*<br>_____<br>*Video conference log-in information (meeting ID, password, etc.)*<br><br>Call the Circuit Clerk at: _____ or visit their website<br>                 *Circuit Clerk's phone number*<br>at: _____ to find out more about how to do this.<br>   *Website* |

| | |
|---|---|
| **STOP!**<br>The Circuit Clerk will fill in this section. | **Witness this Date:** _____<br>               3/25/2022 4:35 PM IRIS Y. MARTINEZ<br>**Clerk of the Court:** _____ |
| **STOP!**<br>The officer or process server will fill in the Date of Service. | **This *Summons* must be served within 30 days of the witness date.**<br><br>Date of Service: _____<br>    *(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant or other person.)* |

**This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.**

FILED DATE: 3/25/2022 4:35 PM   2022CH02683

| STATE OF ILLINOIS, CIRCUIT COURT | PROOF OF SERVICE OF SUMMONS AND COMPLAINT/PETITION | *For Court Use Only* |
|---|---|---|

Cook ▼ COUNTY

| Instructions | | |
|---|---|---|
| Enter above the county name where the case was filed. | **MAETEAN JOHNSON** | |
| | **Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter your name as Plaintiff/Petitioner. | | |
| Enter the names of all people you are suing as Defendants/ Respondents. | v.<br><br>**d/b/a FOOD 4 LESS MIDWEST, and THE KROGER CO.** | |
| | **Defendant / Respondent** *(First, middle, last name)* | **2022CH02683** |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1ˢᵗ Summons issued for this Defendant.)* | **Case Number** |

**\*\*Stop. Do not complete the form. The sheriff or special process server will fill in the form.\*\***

**My name is** _____ **and I state**
      *First, Middle, Last*

☐ **I served the** *Summons* **and Complaint/Petition on the Defendant/Respondent**

_____ **as follows:**
*First, Middle, Last*

    ☐  Personally on the Defendant/Respondent:
        Male  ☐  Female  ☐  Non-Binary  ☐  Approx. Age: _____  Race: _____
        On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
        Address, Unit#: _____
        City, State, ZIP: _____

    ☐  On someone else at the Defendant/Respondent's home who is at least 13 years old and is a family member or lives there:
        On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
        Address, Unit#: _____
        City, State, ZIP: _____
        And left it with: _____
                 *First, Middle, Last*
        Male  ☐  Female  ☐  Non-Binary  ☐  Approx. Age: _____  Race: _____
        and by sending a copy to this defendant in a postage-paid, sealed envelope to the above address on _____ , 20 _____ .

    ☐  On the Corporation's agent, _____
                            *First, Middle, Last*
        Male  ☐  Female  ☐  Non-Binary  ☐  Approx. Age: _____  Race: _____
        On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
        Address: _____
        City, State, ZIP: _____

Enter the Case Number given by the Circuit Clerk: 2022CH02683

☐ **I was not able to serve the *Summons* and Complaint/Petition on Defendant/Respondent:**

_____
*First, Middle, Last*

I made the following attempts to serve the *Summons* and Complaint/Petition on the Defendant/Respondent:

1.  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address: _____
    City, State, ZIP: _____
    Other information about service attempt: _____
    _____
    _____
    _____

2.  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address: _____
    City, State, ZIP: _____
    Other information about service attempt: _____
    _____
    _____
    _____

3.  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address: _____
    City, State, ZIP: _____
    Other information about service attempt: _____
    _____
    _____
    _____

| | |
|---|---|
| **DO NOT** complete this section. The sheriff or private process server will complete it. | **If you are a special process server, sheriff outside Illinois, or licensed private detective, your signature certifies that everything on the *Proof of Service of Summons* is true and correct to the best of your knowledge. You understand that making a false statement on this form could be perjury.** |

**By:**

Under the Code of Civil Procedure, 735 ILCS 5/1-109, making a statement on this form that you know to be false is perjury, a Class 3 Felony.

_____
*Signature by:*  ☐ Sheriff
                 ☐ Sheriff outside Illinois:

                 _____
                 *County and State*
                 ☐ Special process server
                 ☐ Licensed private detective

**FEES**
Service and Return: $ _____
Miles _____  $ _____
Total               $ 0.00

_____
*Print Name*

If *Summons* is served by licensed private detective or private detective agency:
License Number: _____

FILED
3/25/2022 2:22 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH02683
Calendar, 1
17245929

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| MAETEAN JOHNSON, individually, and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| RALPHS GROCERY COMPANY d/b/a FOOD 4 LESS MIDWEST, and THE KROGER CO., | ) ) ) ) ) |
| Defendants. | ) |

Case No. 2022CH02683

## CLASS ACTION COMPLAINT

Plaintiff Maetean Johnson ("Plaintiff"), individually and on behalf of all others similarly situated (the "Class"), by and through her attorneys, brings the following Class Action Complaint ("Complaint") pursuant to the Illinois Code of Civil Procedure, 735 ILCS §§ 5/2-801 and 2-802, against Defendants Ralphs Grocery Company d/b/a Food 4 Less Midwest ("Food 4 Less") and The Kroger Co. ("Kroger") (collectively, "Defendants"), their subsidiaries and affiliates, to redress and curtail each Defendants' unlawful collection, use, storage, and disclosure of Plaintiff's sensitive and proprietary biometric data. Plaintiff alleges as follows upon personal knowledge as to herself, her own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

### NATURE OF THE ACTION

1.  Defendant Food 4 Less is a grocery store chain in the "Kroger Family of Companies" and is a subsidiary of Kroger.[1]

---

[1] *See* https://www.food4less.com/i/kroger-family-of-companies.

FILED DATE: 3/25/2022 2:22 PM   2022CH02683

2.     Defendant Kroger operates supermarkets, grocery retail stores, and multi-department stores throughout the United States.

3.     When Food 4 Less brings on a new worker, including Plaintiff, they are enrolled in a biometric timeclock and timekeeping database(s) ("timekeeping system") using a scan of their fingerprint. Food 4 Less uses the timekeeping system to monitor the hours worked by workers at its facilities.

4.     Upon information and belief, data collected in the timekeeping system by Food 4 Less are disclosed to at least one third-party for payroll purposes.

5.     Upon information and belief, data collected in the timekeeping system by Food 4 Less are disclosed to Kroger.

6.     While many employers use conventional methods for tracking time worked (such as ID badges or punch clocks), Defendants require workers to have their fingerprints scanned by a biometric timekeeping device.

7.     Biometrics are not relegated to esoteric corners of commerce. Many businesses – such as Defendants'– and financial institutions have incorporated biometric applications into their workplace in the form of biometric timeclocks or authenticators, and into consumer products, including such ubiquitous consumer products as checking accounts and cell phones.

8.     Unlike ID badges or time cards – which can be changed or replaced if stolen or compromised – a fingerprint is a unique, permanent biometric identifier associated with each worker. This exposes Defendants' workers to serious and irreversible privacy risks. For example, if a database containing fingerprints or other sensitive, proprietary biometric data is hacked, breached, or otherwise exposed – like in the Equifax, Facebook/Cambridge Analytica, and Suprema data breaches – employees have **_no_** means by which to prevent identity theft,

unauthorized tracking, or other unlawful or improper use of this highly personal and private information.

9.      In 2015, a data breach at the United States Office of Personnel Management exposed the personal identification information, including biometric data, of over 21.5 million federal employees, contractors, and job applicants.[2]

10.     An illegal market already exists for biometric data. Hackers and identity thieves have targeted Aadhaar, the largest biometric database in the world, which contains the personal and biometric data – including fingerprints, iris scans, and facial geometries – of over a billion Indian citizens.[3]

11.     In January 2018, an Indian newspaper reported that the information housed in Aadhaar was available for purchase for less than $8 and in as little as 10 minutes.[4]

12.     In August 2019 it was widely reported that Suprema, a security company responsible for a web-based biometrics lock system that uses fingerprints and facial geometry scans in 1.5 million locations around the world, maintained biometric data and other personal information on a publicly accessible, unencrypted database.[5]

---

[2] *See* U.S. Off. of Personnel Mgmt., *Cybersecurity Incidents* (2018), *available at* www.opm.gov/cybersecurity/cybersecurity-incidents.

[3] *See* Vidhi Doshi, *A Security Breach in India Has Left a Billion People at Risk of Identity Theft*, The Washington Post (Jan. 4, 2018), *available at* https://www.washingtonpost.com/news/worldviews/wp/2018/01/04/a-security-breach-in-india-has-left-a-billion-people-at-risk-of-identity-theft/?utm_term=.b3c70259f138.

[4] Rachna Khaira, *Rs 500, 10 Minutes, and You Have Access to Billion Aadhaar Details*, The Tribune (Jan. 4, 2018), *available at* http://www.tribuneindia.com/news/nation/rs-500-10-minutes-and-you-have-access-to-billion-aadhaar-details/523361.html.

[5] Major Breach Found in Biometrics System Used by Banks, UK police and Defence Firms, The Guardian (Aug. 14, 2019), available at https://www.theguardian.com/technology/2019/aug/14/major-breach-found-in-biometrics-system-used-by-banks-uk-police-and-defence-firms.

FILED DATE: 3/25/2022 2:22 PM 2022CH02683

13.     In the United States, law enforcement, including the Federal Bureau of Investigation and Immigration and Customs Enforcement, have attempted to turn states' Department of Motor Vehicles databases into biometric data goldmines, using facial recognition technology to scan the faces of thousands of citizens, all without their notice or consent.[6]

14.     This practice has been criticized by lawmakers. Some states, including Illinois, have refused to comply with law enforcement's invasive requests.[7]

15.     Recognizing the need to protect its citizens from situations like these, Illinois enacted the Biometric Information Privacy Act ("BIPA"), 740 ILCS § 14/1, *et seq.*, specifically to regulate companies that collect, store and use Illinois citizens' biometrics, such as fingerprints.

16.     Notwithstanding the clear and unequivocal requirements of the law, each Defendant disregards Plaintiff's and other similarly-situated workers' statutorily protected privacy rights and unlawfully collects, stores, otherwise obtains, disseminates, and uses Plaintiff's and other similarly-situated individuals' biometric identifiers and biometric information (collectively referred to herein as "biometric data") in violation of BIPA. Specifically, each Defendant violated and continues to violate BIPA because it did not and continues not to:

a.     Properly inform Plaintiff and others similarly situated in writing of the specific purpose and length of time for which their fingerprints were being collected, stored, and used, as required by BIPA;

b.     Develop and adhere to a publicly-available retention schedule and guidelines for permanently destroying Plaintiff's and other similarly-situated individuals' fingerprints, as required by BIPA;

---

[6] Drew Harwell, *FBI, ICE Find State Driver's License Photos Are a Gold Mine for Facial-Recognition Searches*, The Washington Post (July 7, 2019), *available at* https://www.washingtonpost.com/technology/2019/07/07/fbi-ice-find-state-drivers-license-photos-are-gold-mine-facial-recognition-searches/?noredirect=on&utm_term=.da9afb2472a9.

[7] *State Denying Facial Recognition Requests*, Jacksonville Journal-Courier (July 9, 2019), *available at* https://www.myjournalcourier.com/news/article/State-denying-facial-recognition-requests-14081967.php.

FILED DATE: 3/25/2022 2:22 PM   2022CH02683

      c.      Obtain a written release from Plaintiff and others similarly situated to collect, store, or otherwise use their fingerprints, as required by BIPA; and

      d.      Obtain consent from Plaintiff and others similarly situated to disclose, redisclose, or otherwise disseminate their fingerprints to a third party, as required by BIPA.

17.      Accordingly, Plaintiff, on behalf of herself as well as the putative Class, seeks an Order: (1) declaring that each Defendant's conduct violates BIPA; (2) requiring each Defendant to cease the unlawful activities discussed herein; and (3) awarding statutory damages to Plaintiff and the proposed Class.

## PARTIES

18.      Plaintiff Maetean Johnson is a natural person and a resident of the State of Illinois.

19.      Defendant Ralphs Grocery Company d/b/a Food 4 Less is an Ohio corporation that is registered with the Illinois Secretary of State and conducts business in the State of Illinois.

20.      Defendant The Kroger Company is an Ohio corporation that is registered with the Illinois Secretary of State and conducts business in the State of Illinois.

## JURISDICTION AND VENUE

21.      This Court has jurisdiction over Defendants pursuant to 735 ILCS § 5/2-209 because Defendants conduct business in this State, conducts business transactions in Cook County, and committed the statutory violations alleged herein in the state of Illinois.

22.      Venue is proper in Cook County because Defendants committed the statutory violations alleged herein in Cook County, Illinois.

## FACTUAL BACKGROUND

**I.    The Biometric Information Privacy Act.**

23.      In the early 2000s, major national corporations started using Chicago and other locations in Illinois to test "new applications of biometric-facilitated financial transactions,

including finger-scan technologies at grocery stores, gas stations, and school cafeterias." 740 ILCS § 14/5(c). Given its relative infancy, an overwhelming portion of the public became weary of this then-growing yet unregulated technology. *See* 740 ILCS § 14/5.

24.     In late 2007, a biometrics company called Pay by Touch, which provided major retailers throughout the State of Illinois with fingerprint scanners to facilitate consumer transactions, filed for bankruptcy. That bankruptcy was alarming to the Illinois Legislature because suddenly there was a serious risk that millions of fingerprint records – which, like other unique biometric identifiers, can be linked to people's sensitive financial and personal data – could now be sold, distributed, or otherwise shared through the bankruptcy proceedings without adequate protections for Illinois citizens. The bankruptcy also highlighted the fact that most consumers who used the company's fingerprint scanners were completely unaware that the scanners were not actually transmitting fingerprint data to the retailer who deployed the scanner, but rather to the now-bankrupt company, and that their unique biometric identifiers could now be sold to unknown third parties.

25.     Recognizing the "very serious need [for] protections for the citizens of Illinois when it [came to their] biometric information," Illinois enacted BIPA in 2008. *See* Illinois House Transcript, 2008 Reg. Sess. No. 276; 740 ILCS § 14/5.

26.     Additionally, to ensure compliance, BIPA provides that, for each violation, the prevailing party may recover $1,000 or actual damages, whichever is greater, for negligent violations and $5,000, or actual damages, whichever is greater, for intentional or reckless violations. 740 ILCS § 14/20.

27.     BIPA is an informed consent statute that achieves its goal by making it unlawful for a company to, among other things, collect, capture, purchase, receive through trade, or

otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless

it first:

    a.    Informs the subject in writing that a biometric identifier or biometric information is being collected, stored and used;

    b.    Informs the subject in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and

    c.    Receives a written release executed by the subject of the biometric identifier or biometric information.

*See* 740 ILCS § 14/15(b).

28.    BIPA specifically applies to individuals who work in the State of Illinois. BIPA

defines a "written release" specifically "in the context of employment [as] a release executed by

an employee as a condition of employment." 740 ILCS § 14/10.

29.    Biometric identifiers include retina and iris scans, voiceprints, scans of hand and

face geometry, and – most importantly here – fingerprints. *See* 740 ILCS § 14/10. Biometric

information is separately defined to include any information based on an individual's biometric

identifier that is used to identify an individual. *Id.*

30.    BIPA establishes standards for how companies must handle Illinois citizens'

biometric identifiers and biometric information. *See, e.g.,* 740 ILCS § 14/15(c)-(d). For example,

BIPA prohibits private entities from disclosing a person's or customer's biometric identifier or

biometric information without first obtaining consent for such disclosure. *See* 740 ILCS §

14/15(d)(1).

31.    BIPA also prohibits selling, leasing, trading, or otherwise profiting from a person's

biometric identifiers or biometric information (740 ILCS § 14/15(c)) and requires companies to

develop and comply with a written policy – made available to the public – establishing a retention

FILED DATE: 3/25/2022 2:22 PM 2022CH02683

schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting such identifiers or information has been satisfied or within three years of the individual's last interaction with the company, whichever occurs first. 740 ILCS § 14/15(a).

32. The Illinois legislature enacted BIPA due to the increasing use of biometric data in financial and security settings, the general public's hesitation to use biometric information, and – most significantly – the unknown ramifications of biometric technology. Biometrics are biologically unique to the individual and, once compromised, an individual is at a heightened risk for identity theft and left without any recourse.

33. BIPA provides individuals with a private right of action, protecting their right to privacy regarding their biometrics as well as protecting their rights to know the precise nature for which their biometrics are used and how they are being stored and ultimately destroyed. Unlike other statutes that only create a right of action if there is a qualifying data breach, BIPA strictly regulates the manner in which entities may collect, store, use, and disseminate biometrics and creates a private right of action for lack of statutory compliance.

34. Plaintiff, like the Illinois legislature, recognizes how imperative it is to keep biometric identifiers and information secure. Biometric data, unlike other personal identifiers such as a social security number, cannot be changed or replaced if hacked or stolen.

**II.     Defendants Violate the Biometric Information Privacy Act.**

35. By the time BIPA passed through the Illinois legislature in mid-2008, most companies who had experimented with using individuals' biometric data stopped doing so.

36. However, each Defendant failed to take note of the shift in Illinois law governing the collection, use, storage, and dissemination of biometric data. As a result, each Defendant

FILED DATE: 3/25/2022 2:22 PM 2022CH02683

continued to collect, otherwise obtain, store, use, and disseminate individuals' biometric data in violation of BIPA.

37. Specifically, when individuals work at Food 4 Less facilities, they are required to have their fingerprints scanned to enroll them in their employee database(s).

38. Kroger family stores, including Food 4 Less, use and have used software that requires workers to use fingerprints as a means of authentication. Per Defendants' policies, workers, including Plaintiff, are required to use their fingerprints to clock-in and clock-out at the beginning and end of each shift and for meal breaks.

39. Each Defendant failed and continues to fail (1) to inform Food 4 Less workers that it discloses or disclosed their fingerprint data to at least one third-party payroll vendor and/or biometric timekeeping vendor, and likely others; (2) to inform Food 4 Less workers that it discloses their fingerprint data to other, currently unknown, third parties, which host the biometric data in their data centers; (3) to inform Food 4 Less workers of the purposes and duration for which it collects their sensitive biometric data; and (4) to obtain written releases from workers before collecting their fingerprints.

40. Each Defendant failed to develop or adhere to a written, publicly-available policy identifying their respective retention schedules and guidelines for permanently destroying workers' biometric data when the initial purpose for collecting or obtaining workers' biometrics is no longer relevant, as required by BIPA.

41. The Pay by Touch bankruptcy that catalyzed the passage of BIPA, as well as the recent data breaches, highlights why such conduct – where individuals are aware that they are providing a fingerprint, but not aware of to whom or for what purposes they are doing so – is dangerous. That bankruptcy spurred Illinois citizens and legislators into realizing that it is crucial

FILED DATE: 3/25/2022 2:22 PM 2022CH02683

for individuals to understand when providing biometric identifiers, such as a fingerprint, who exactly is collecting their biometric data, where it will be transmitted, for what purposes, and for how long. Defendants disregard these obligations and their workers' statutory rights and instead unlawfully collect, store, use and disseminate their workers' biometric identifiers and information, without first receiving the individual's informed written consent required by BIPA.

42.     Each Defendant lacks retention schedules and guidelines for permanently destroying Plaintiff's and other similarly-situated individuals' biometric data and have not and will not destroy Plaintiff's and other similarly-situated individuals' biometric data when the initial purpose for collecting or obtaining such data has been satisfied or within three years of the individual's last interaction with the companies.

43.     Neither Defendant told Plaintiff and others similarly situated workers what might happen to their biometric data if and when Defendants merge with another company, or worse, if and when Defendants' businesses fold, or when the other third parties that have received workers' biometric data businesses fold.

44.     Since Defendants neither publish a BIPA-mandated data retention policy nor disclose the purposes for their collection and use of biometric data, Food 4 Less workers have no idea at the time of collection whether Defendants sell, disclose, redisclose, or otherwise disseminate their biometric data. Moreover, Plaintiff and others similarly situated are not told at the time of collection to whom Defendants disclose their biometric data, or what might happen to their biometric data in the event of a merger or a bankruptcy.

45.     These violations raise a material risk that Plaintiff's and other similarly-situated individuals' biometric data will be unlawfully accessed by third parties.

FILED DATE: 3/25/2022 2:22 PM 2022CH02683

46.     By and through the actions detailed above, each Defendant disregarded Plaintiff's and other similarly-situated individuals' legal rights in violation of BIPA.

### III.     Plaintiff Maetean Johnson's Experience

47.     Plaintiff Maetean Johnson worked as a cashier from June 5, 2016, to August 9, 2020, at Food 4 Less located at 1000 E. Sibley Blvd, Dolton, Illinois.

48.     Plaintiff was required to scan her fingerprint so Defendants could use it as an authentication method to track her time worked, including breaks.

49.     Defendants stored Plaintiff's fingerprint data in their timekeeping system.

50.     Plaintiff was required to scan her fingerprint each time she began and ended her workday, as well as each time she clocked in and out for breaks.

51.     Neither Defendant informed Plaintiff in writing or otherwise of the purpose(s) and length of time for which her fingerprint data was being collected; obtained a written release from Plaintiff to collect, store, or use her fingerprint data; developed and adhered to a publicly available retention schedule and guidelines for permanently destroying Plaintiff's fingerprint data; or obtained Plaintiff's consent before disclosing or disseminating her biometric data to third parties.

52.     Plaintiff has never been informed of the specific limited purposes or length of time for which each Defendant collects, otherwise obtains, stores, uses, and/or disseminates her biometric data.

53.     Plaintiff has never seen, been able to access, or been informed of any biometric data retention policy developed by either Defendant, nor has she ever seen, been able to access, or been informed of whether either Defendant would ever permanently delete her biometric data.

54.     Plaintiff has never been provided with nor ever signed a written release allowing any Defendant to collect, otherwise obtain, store, use, or disseminate her biometric data.

FILED DATE: 3/25/2022 2:22 PM 2022CH02683

55.     Plaintiff has continuously and repeatedly been exposed to the risks and harmful conditions created by Defendants' multiple violations of BIPA alleged herein.

56.     No amount of time or money can compensate Plaintiff if her biometric data has been compromised by the lax procedures through which each Defendant captured, otherwise obtained, stored, used, and disseminated her and other similarly-situated individuals' biometrics. Moreover, Plaintiff would not have provided her biometric data to Defendants if she had known that Defendants would retain such information for an indefinite period of time without her consent.

57.     A showing of actual damages is not necessary in order to state a claim under BIPA. *See Rosenbach v. Six Flags Ent. Corp.*, 2019 IL 123186, ¶ 40 ("[A]n individual need not allege some actual injury or adverse effect, beyond violation of her or her rights under the Act, in order to qualify as an "aggrieved" person and be entitled to seek liquidated damages and injunctive relief pursuant to the Act").

58.     As Plaintiff is not required to allege or prove actual damages in order to state a claim under BIPA, she seeks statutory damages under BIPA as compensation for the injuries caused by Defendants. *Rosenbach*, 2019 IL 123186, ¶ 40.

## CLASS ALLEGATIONS

59.     Pursuant to the Illinois Code of Civil Procedure, 735 ILCS § 5/2-801, Plaintiff brings claims on her own behalf and as a representative of all other similarly-situated individuals pursuant to BIPA, 740 ILCS § 14/1, *et seq.*, to recover statutory penalties, prejudgment interest, attorneys' fees and costs, and other damages owed.

60.     As discussed *supra*, Section 14/15(b) of BIPA prohibits a company from, among other things, collecting, capturing, purchasing, receiving through trade, or otherwise obtaining a person's or a customer's biometric identifiers or biometric information, unless it *first* (1) informs

FILED DATE: 3/25/2022 2:22 PM 2022CH02683

the individual in writing that a biometric identifier or biometric information is being collected, used, or stored; (2) informs the individual in writing of the specific purpose(s) and length of time for which their biometric identifiers or biometric information is being collected, stored, and used; **and** (3) receives a written release executed by the subject of the biometric identifiers or biometric information. 740 ILCS § 14/15.

61.     Plaintiff seeks class certification under the Illinois Code of Civil Procedure, 735 ILCS § 5/2-801, for the following class of similarly-situated individuals under BIPA:

> All individuals working for Defendants or any of their affiliated facilities in the State of Illinois who had their fingerprints and/or any other biometric identifier or biometric information collected, captured, received, or otherwise obtained, maintained, stored, or disclosed by Defendants during the applicable statutory period.

62.     This action is properly maintained as a class action under 735 ILCS § 5/2-801 because:

A.     The class is so numerous that joinder of all members is impracticable;

B.     There are questions of law or fact that are common to the class;

C.     Plaintiff's claims are typical of the claims of the class; and,

D.     Plaintiff will fairly and adequately protect the interests of the class.

## Numerosity

63.     The total number of putative class members exceeds fifty (50) individuals. The exact number of class members can easily be determined from Defendants' payroll and worker records.

## Commonality

64.     There is a well-defined commonality of interest in the substantial questions of law and fact concerning and affecting the Class in that Plaintiff and all members of the Class have been harmed by each Defendant's failure to comply with BIPA. The common questions of law and fact

include, but are not limited to the following:

A.  Whether each Defendant collected, captured, maintained, stored or otherwise obtained Plaintiff's and the Class's biometric identifiers or biometric information;

B.  Whether each Defendant properly informed Plaintiff and the Class of their purposes for collecting, otherwise obtaining, using, storing and disseminating their biometric identifiers or biometric information;

C.  Whether each Defendant properly obtained written release and consent (as defined in 740 ILCS § 14/10) to collect, otherwise obtain, use, store and disseminate Plaintiff's and the Class's biometric identifiers or biometric information;

D.  Whether each Defendant has disclosed or redisclosed Plaintiff's and the Class's biometric identifiers or biometric information;

E.  Whether each Defendant has sold, leased, traded, or otherwise profited from Plaintiff's and the Class's biometric identifiers or biometric information;

F.  Whether each Defendant developed written policies, made available to the public, establishing retention schedules and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within three years of their last interaction with the individual, whichever occurs first;

G.  Whether each Defendant complies with any such written policy (if any exist);

H.  Whether each Defendant's violations of BIPA have raised a material risk that Plaintiff's and the putative Class' biometric data will be unlawfully accessed by third parties;

I.  Whether each Defendant used Plaintiff's and the Class's fingerprints to identify them;

J.  Whether the violations of BIPA were committed negligently; and

K.  Whether the violations of BIPA were committed intentionally or recklessly.

65.  Plaintiff anticipates that Defendants will raise defenses that are common to the class.

14

FILED DATE: 3/25/2022 2:22 PM 2022CH02693

### Adequacy

66.     Plaintiff will fairly and adequately protect the interests of all members of the class, and there are no known conflicts of interest between Plaintiff and class members. Plaintiff, moreover, has retained experienced counsel who are competent in the prosecution of complex litigation and who have extensive experience acting as class counsel.

### Typicality

67.     The claims asserted by Plaintiff are typical of the class members she seeks to represent. Plaintiff has the same interests and suffers from the same unlawful practices as the class members.

68.     Upon information and belief, there are no other class members who have an interest individually controlling the prosecution of his or her individual claims, especially in light of the relatively small value of each claim and the difficulties involved in bringing individual litigation against one's employer. However, if any such class member should become known, he or she can "opt out" of this action pursuant to 735 ILCS § 5/2-801.

### Predominance and Superiority

69.     The common questions identified above predominate over any individual issues, which will relate solely to the quantum of relief due to individual class members. A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense if these claims were brought individually. Moreover, as the damages suffered by each class member are relatively small in the sense pertinent to class action analysis, the expenses and burden of individual litigation

FILED DATE: 3/25/2022 2:22 PM 2022CH02683

would make it difficult for individual class members to vindicate their claims.

70.     Additionally, important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for the adjudication of individual litigation and claims would be substantially more than if claims are treated as a class action. Prosecution of separate actions by individual class members would create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants and/or substantially impair or impede the ability of class members to protect their interests. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to fashion methods to efficiently manage this action as a class action.

## FIRST CAUSE OF ACTION

### Violation of 740 ILCS § 14/15(a): Failure to Institute, Maintain and Adhere to Publicly-Available Retention Schedule

71.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

72.     BIPA mandates that companies in possession of biometric data establish and maintain a satisfactory biometric data retention – and, importantly, deletion – policy. Specifically, those companies must: (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric data (at most three years after the company's last interaction with the individual); and (ii) actually adhere to that retention schedule and actually delete the biometric information. *See* 740 ILCS § 14/15(a).

73.     Each Defendant fails to comply with these BIPA mandates.

74.     Both Food 4 Less and Kroger qualify as "private entities" under BIPA. *See* 740 ILCS § 14/10.

FILED DATE: 3/25/2022 2:22 PM 2022CH02683

75. Plaintiff and the Class are individuals who have had their "biometric identifiers" collected or otherwise obtained by each Defendant (in the form of their fingerprints), as explained in detail in Sections II and III, *supra*. *See* 740 ILCS § 14/10.

76. Plaintiff's and the Class's biometric identifiers were used to identify them and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS § 14/10.

77. Each Defendant failed to develop and adhere to a publicly-available retention schedule or guidelines for permanently destroying biometric identifiers and biometric information as specified by BIPA. *See* 740 ILCS § 14/15(a).

78. Each Defendant lacks retention schedules and guidelines for permanently destroying Plaintiff's and the Class's biometric data and has not and will not destroy Plaintiff's or the Class's biometric data when the initial purpose for collecting or obtaining such data has been satisfied or within three years of the individual's last interaction with the companies.

79. On behalf of herself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendants to comply with BIPA's requirements for the collection, otherwise obtainment, storage, use, and dissemination of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS § 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS § 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS § 14/20(3).

**SECOND CAUSE OF ACTION**
**Violation of 740 ILCS § 14/15(b): Failure to Obtain Informed Written Consent and Release Before Obtaining Biometric Identifiers or Information**

80. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

FILED DATE: 3/25/2022 2:22 PM 2022CH02683

81.     BIPA requires companies to obtain informed written consent from individuals **before** acquiring their biometric data. Specifically, BIPA makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information unless [the entity] *first*: (1) informs the subject…in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject…in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; *and* (3) receives a written release executed by the subject of the biometric identifier or biometric information…" 740 ILCS § 14/15(b) (emphasis added).

82.     Each Defendant fails to comply with these BIPA mandates.

83.     Both Food 4 Less and Kroger qualify as "private entities" under BIPA. *See* 740 ILCS § 14/10.

84.     Plaintiff and the Class are individuals who have had their "biometric identifiers" collected or otherwise obtained by each Defendant (in the form of their fingerprints), as explained in detail in Sections II and III, *supra*. *See* 740 ILCS § 14/10.

85.     Plaintiff's and the Class's biometric identifiers were used to identify them and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS § 14/10.

86.     Each Defendant systematically and automatically collected, captured, or otherwise obtained Plaintiff's and the Class's biometric identifiers and/or biometric information without **first** obtaining a written release required by 740 ILCS § 14/15(b)(3).

87.     Neither Defendants informed Plaintiff and the Class in writing that their biometric identifiers and/or biometric information were being collected, captured, or otherwise obtained, nor did either Defendant inform Plaintiff and the Class in writing of the specific purpose(s) and length

FILED DATE: 3/25/2022 2:22 PM   2022CH02683

of term for which their biometric identifiers and/or biometric information were being collected, captured, or otherwise obtained, as required by 740 ILCS § 14/15(b)(1)-(2).

88.     By collecting, capturing, and otherwise obtaining Plaintiff's and the Class's biometric identifiers and biometric information as described herein, each Defendant violated Plaintiff's and the Class's rights to privacy in their biometric identifiers and/or biometric information as set forth in BIPA. *See* 740 ILCS § 14/1, *et seq.*

89.     On behalf of herself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring each Defendant to comply with BIPA's requirements for the collection, otherwise obtainment, storage, use, and dissemination of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS § 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS § 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS § 14/20(3).

## THIRD CAUSE OF ACTION
### Violation of 740 ILCS § 14/15(d): Disclosure of Biometric Identifiers and Information Before Obtaining Consent

90.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

91.     BIPA prohibits private entities from disclosing a person's or customer's biometric identifier or biometric information without obtaining consent for that disclosure. *See* 740 ILCS § 14/15(d)(1).

92.     Each Defendant fails to comply with this BIPA mandate.

93.     Both Food 4 Less and Kroger  qualify as "private entities" under BIPA. *See* 740 ILCS § 14/10.

FILED DATE: 3/25/2022 2:22 PM   2022CH02683

94.     Plaintiff and the Class are individuals who have had their "biometric identifiers" collected or otherwise obtained by each Defendant (in the form of their fingerprints), as explained in detail in Sections II and III, *supra. See* 740 ILCS § 14/10.

95.     Plaintiff's and the Class's biometric identifiers were used to identify them and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS § 14/10.

96.     Each Defendant systematically and automatically disclosed, redisclosed, or otherwise disseminated Plaintiff's and the Class's biometric identifiers and/or biometric information without obtaining the consent required by 740 ILCS § 14/15(d)(1).

97.     By disclosing, redisclosing, or otherwise disseminating Plaintiff's and the Class's biometric identifiers and biometric information as described herein, each Defendant violated Plaintiff's and the Class's rights to privacy in their biometric identifiers and/or biometric information as set forth in BIPA. *See* 740 ILCS § 14/1, *et seq.*

98.     On behalf of herself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendants to comply with BIPA's requirements for the collection, otherwise obtainment, storage, use, and dissemination of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS § 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS § 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS § 14/20(3).

### PRAYER FOR RELIEF

Wherefore, Plaintiff Maetean Johnson respectfully requests that this Court enter an Order:

FILED DATE: 3/25/2022 2:22 PM 2022CH02683

A.      Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiff Maetean Johnson as Class Representative, and appointing Stephan Zouras, LLP, as Class Counsel;

B.      Declaring that Defendants' actions, as set forth above, violate BIPA;

C.      Awarding statutory damages of $5,000 for *each* intentional and/or reckless violation of BIPA pursuant to 740 ILCS § 14/20(2) or, in the alternative, statutory damages of $1,000 for *each* negligent violation of BIPA pursuant to 740 ILCS § 14/20(1);

D.      Declaring that Defendants' actions, as set forth above, were intentional and/or reckless;

E.      Awarding injunctive and other equitable relief as is necessary to protect the interests of Plaintiff and the Class, including an Order requiring Defendants to collect, store, otherwise obtain, use, and disseminate biometric identifiers and/or biometric information in compliance with BIPA;

F.      Awarding Plaintiff and the Class their reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS § 14/20(3);

G.      Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and,

H.      Awarding such other and further relief as equity and justice may require.


Date:   March 25, 2022            Respectfully Submitted,

*/s/ Haley R. Jenkins*

Ryan F. Stephan
James B. Zouras
Haley R. Jenkins
**STEPHAN ZOURAS, LLP**
100 N. Riverside Plaza,
Suite 2150
Chicago, Illinois 60606
312.233.1550
312.233.1560 *f*
rstephan@stephanzouras.com
jzouras@stephanzouras.com
hjenkins@stephanzouras.com
**ATTORNEYS FOR PLAINTIFF**
**AND THE PUTATIVE CLASS**

## CERTIFICATE OF SERVICE

I, the attorney, hereby certify that on March 25, 2022, I filed the attached with the Clerk of the Court using the electronic filing system which will send such filing to all attorneys of record.

*/s/ Haley R. Jenkins*