UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAETEAN JOHNSON, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>RALPHS GROCERY COMPANY d/b/a FOOD 4 LESS MIDWEST, and THE KROGER CO.,<br><br>    Defendants. | Case No: 22-cv-02409<br><br>Judge Alonso |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT**

Defendant Ralphs Grocery Company d/b/a Food 4 Less Midwest ("Ralphs") and The Kroger Co. ("Kroger") (collectively "Defendants"), through their undersigned counsel, submit this memorandum of law in support of their motion to dismiss Plaintiff Maetean Johnson's class action complaint (the "Complaint") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**INTRODUCTION**

Plaintiff Maetean Johnson ("Plaintiff") alleges that Defendants violated Sections 15(a), (b), and (d) of the Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq*., by requiring her to scan her fingerprint when she clocked in and out of work beginning in June 2016. Plf.'s Compl., ECF No. 1-2. Defendants categorically deny that they violated BIPA, but even if Plaintiff's allegation were true, the Court should dismiss Plaintiff's Complaint because her claims are time-barred. Under an intermediate appellate court ruling, a one-year statute of limitations (735 ILCS § 5/13-201) applies to BIPA claims brought under Sections 15(c) and (d) (prohibiting the sale and disclosure of "biometric information"), and a five-year statute of limitations (§ 5/13-205) applies to claims brought under Sections 15(a), (b), and (e) (requiring a policy for the retention

and destruction of biometric identifiers, requiring a written release for collection of biometric identifiers, and requiring storage in accordance with a reasonable standard of care). *Tims v. Blackhorse Carriers, Inc.*, 2021 IL (1st) 200563, ¶35.[1] At least three Illinois trial courts have held that BIPA claims accrue the first time an employee enrolls in and scans alleged biometric identifiers with a timeclock.[2] *Smith v. Top Die Casting, Co.*, (Winn. Cty., March 12, 2020), a copy of which is attached hereto as Exhibit A; *Robertson v. Hostmark Hospitality Grp., Inc.* (Cook Cty., Jan. 27, 2020), a copy of which is attached hereto as Exhibit B; *Robertson v. Hostmark Hospitality Grp., Inc.* (Cook Cty., May 29, 2020), a copy of which is attached hereto as Exhibit C; *Watson v. Legacy Healthcare Financial Services, LLC* (Cook Cty., June 10, 2020), a copy of which is attached hereto as Exhibit D.

---

[1] The Illinois Supreme Court granted the *Tims* defendant's petition for leave to appeal the First District's adoption of two statutes of limitations for the same section of BIPA. *See* Illinois Supreme Court Case No. 127801. Because the *Tims* appeal remains pending in the Illinois Supreme Court, the question of which statutes of limitations govern the BIPA violations pleaded by Plaintiff is unsettled. In a case like this one, which invokes CAFA's rules for diversity jurisdiction, this Court's role is to apply state substantive law, as the Court predicts the highest court of the state would apply it; in this function, the Court gives "great weight" to intermediate appellate court rulings absent some indication that the state's highest court is likely to deviate from those rulings. *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 634 (7th Cir. 2007). Defendants here maintain that the one-year statute of limitations for matters involving privacy (§ 5/13-201) should govern all claims for violations of Section 15 of BIPA, because the overriding purpose of the statute is protection of one's privacy rights in one's biometric identifiers. The Illinois Supreme Court's grant of leave to appeal in *Tims* indicates that Illinois's highest court may overrule *Tims*. But even if the Illinois Supreme Court affirms the appellate court's ruling, Plaintiff's BIPA claims are time-barred because those claims accrued when she first scanned her finger to clock in in June 2016 (ECF No. 1, Compl. ¶3) (more than five years before she filed this action).

[2] The Illinois Supreme Court is currently considering the question, certified by the Seventh Circuit, of whether BIPA Section 15(b) and (d) claims accrue each time a private entity allegedly scans or transmits a person's biometric identifier, or whether they accrue only upon the first scan and transmission. *Cothron v. White Castle*, 20 F. 4th 1156, 1167 (2021). Defendants here maintain that Plaintiff's BIPA claims accrued a single time, when she first enrolled in and used the timeclock in June 2016, because that was the only instance allegedly in which "biometric information" or "biometric identifiers" could possibly have been captured or collected. Under Plaintiff's theory, Defendants committed an actionable BIPA violation in June 2016, Plaintiff allegedly suffered her injury at that point, and Plaintiff had the right to file an action under BIPA at that point. Because the cause of action was complete in June 2016, and Plaintiff does not allege she suffered separate or distinct injuries with subsequent timeclock punches, her cause of action accrued in June 2016, and subsequent timeclock punches did not give rise to distinct BIPA claims.

Here, Plaintiff alleges she enrolled in Defendants' timekeeping system "using a scan of [] [her] fingerprint" and first used the timeclock at issue on June 5, 2016. ECF No. 1-2, Compl., ¶3, ¶47. Under the circuit court decisions cited above, her BIPA claims accrued on June 5, 2016, but she did not file this lawsuit until March 25, 2022—almost six years later. Her claims are therefore time-barred even under the five-year statute of limitations adopted by the intermediate appeals court decision in *Tims for* BIPA Section 15(a), (b), and (e) claims, and the Court accordingly should dismiss this action.

### SUMMARY OF PLAINTIFF'S ALLEGATION

Plaintiff alleges she began working for Ralphs as a cashier on June 5, 2016. ECF No. 1-2, Compl., ¶47. As a condition of her employment, she alleges Ralphs "required" her to use the timeclock at issue to clock in and out each workday. *Id*. at ¶38, ¶50. She alleges she first used the timeclock at issue when she started working for Ralphs on June 5, 2016. *Id*. at ¶3, ¶47. In particular, she alleges she first enrolled in Defendants' "biometric timeclock and timekeeping database(s) . . . using a scan of [] [her] fingerprint" that day. *Id*. She alleges this resulted in Ralphs collecting her "biometric data" in violation of BIPA because it failed to obtain a written release from her to collect her "biometric data" prior to her use of the timeclock. *See generally* ECF No. 1-2, Compl. She also alleges that Ralphs failed to "develop[] and adhere[] to a publicly available retention schedule and guidelines for permanently destroying [] [her] fingerprint data." *Id*. at ¶51. Based on these allegations, she brings claims against Ralphs under Sections 15(a), (b), and (d) of BIPA. *See generally* Plf.'s Compl.

Plaintiff does not provide any independent basis for the BIPA claims she asserts against Kroger. Instead, she bases her claims against Kroger on the allegation that "Defendant Food 4 Less [i.e., Ralphs] is a grocery store chain in the 'Kroger Family of Companies' and is a subsidiary of Kroger." ECF No. 1-2, Compl., ¶1. She then refers to Ralphs and Kroger as one and the same

throughout her Complaint and collectively (and repeatedly) refers to them as "Defendants." Plaintiff's claims against Kroger fail for the same reason they fail as to Ralphs—they are time-barred.

## APPLICABLE LEGAL STANDARD

In moving to dismiss claims under Rule 12(b)(6), a party "challenges the sufficiency of a complaint for failure to state a claim upon which relief may be granted." *Johnson v. Rivera*, 272 F.3d 519, 520-21 (7th Cir. 2001). "[W]hen the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit." *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002). In this regard, while dismissals under Rule 12 on grounds of a time-bar are not the norm, an extensive body of appellate precedent teaches that such dismissals, in appropriate cases, are unexceptional. *See*, *e.g.*, *Kauthar SDNBHD v. Sternberg*, 149 F.3d 659, 670-71 & n.14 (7th Cir. 1998) (affirming dismissal of various securities fraud claims, on de novo review, as time-barred under Rule 12(b)(6), and collecting extensive analogous circuit court precedent); *Tregenza v. Great Am. Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993) (stating that if a litigant "pleads facts that show that his suit is time-barred or otherwise without merit, he has pleaded himself out of court.") (collecting cases).

## ARGUMENT

**I.     Plaintiff's BIPA Claims Are Time-Barred and the Court Should Dismiss Her Complaint in Its Entirety.**

According to the intermediate appellate court's ruling, a one-year statute of limitations applies to Plaintiff's claim brought under Section 15(d) of BIPA and a five-year statute of limitations applies to her claims brought under Sections 15(a) and (b) of BIPA. *Tims*, 2021 IL (1st) 200563, ¶35.

Under Illinois law, "a cause of action [generally] accrues and the limitations period begins to run when facts exist that authorize one party to maintain an action against another." *Feltmeier v. Feltmeier*, 207 Ill.2d 263, 278 (2003); *see also Blair v. Nevada Landing Partnership*, 369 Ill. App. 3d 318, 323-25 (2d Dist. 2006) (holding same). "Indeed, a plaintiff's cause of action in tort usually accrues at the time his or her interest is invaded." *Blair*, 369 Ill. App. 3d at 323. The Illinois Supreme Court has held "where there is a single over act from which subsequent damages may flow, the statute begins to run on the date the defendant invaded the plaintiff's interest and inflicted injury, and this is so despite the continuing nature of the injury." *Feltmeier*, 207 Ill.2d at 278.

Applying the above framework to BIPA claims, at least three Illinois trial courts have held BIPA claims accrue upon the first usage of a timeclock (i.e., the first time his or her biometrics allegedly are collected).

For example, in *Smith v. Top Die Casting, Co.*, the court held that the plaintiff's Section 15(b) claim accrued the first time she used the timeclock at issue. *Smith v. Top Die Casting, Co.*, Ex. A hereto. The court reasoned that to hold otherwise would be "contrary to . . . [the] Legislative findings; [and] intent" and would contradict "how these time clocks purportedly work." *Id*. It then expressly rejected the argument that the statute of limitations began to run upon the last usage of a timeclock, not the first usage. *Id*. In addressing this argument, *Smith* explained that where there is a single overt from which subsequent damages may flow the statute begins to run on the date the defendant violated plaintiff's interest and this is so despite the continuing nature of the injury. *Id*. at 2. *Smith* then held:

> The **biometric information is collected the one time, at the beginning of the plaintiff's employment**, and thereafter the original print, or coordinates from the print, are used to verify the identity of the individual clocking in. Thus, **the offending act is the initial collection of the print and at that time the cause of action accrues**. To hold otherwise is contrary to the plain wording of the statute and common sense as to the manner the initially collected biometric information is

5

utilized.

Ex. A at 3 (emphasis added).

Likewise, in *Robertson v. Hostmark Hospitality Grp., Inc.*, the court held that the plaintiff's Section 15(b) and 15(d) claims accrued the first time the plaintiff used the timeclock at issue as that was when his "statutory rights were first invaded." *Robertson v. Hostmark Hospitality Grp., Inc.*, Ex. B hereto. The court in *Robertson* reasoned that:

> It was Defendants' alleged failure to first obtain Robertson's written consent before collecting his biometric data which is the essence of and gave rise to the cause of action, not their continuing failure to do so. Robertson's **statutory rights were violated in 2010 when Defendants allegedly first collected . . . his biometric data without complying with section 15's requirements**.
>
> That Defendants lacked the written release to collect and consent to disseminate Robertson's biometric data from 2010 until they ceased collection, **does not change the fact that Robertson's statutory rights were violated in 2010 nor does it serve to delay or toll the statute of limitations**.

*Robertson v. Hostmark Hospitality Grp., Inc.*, Ex. C hereto (emphasis added).

Finally, in *Watson v. Legacy Healthcare Financial Services, LLC*, the trial court held that the plaintiff's Section 15(a) and (b) claims accrued the first time he clocked in using the timeclock at issue. *Watson v. Legacy Healthcare Financial Services, LLC*, Ex. D hereto. *Watson* explained that all of the plaintiff's "damages flowed from [] [the] initial act of collecting and storing [] [his] handprint in Defendants' computer system without first complying with [] [BIPA]." *Id*. at 3. The plaintiff's "handprint was scanned and stored in Defendants' system on Day 1, allowing for authentication every time he signed in." *Id*. Thus, the plaintiff's "cause of action accrued when his handprint allegedly was collected in violation of BIPA on his first day of work." *Id*.

*Watson*, like *Smith*, expressly rejected the argument that the statute of limitations did not begin to run until the last time the plaintiff clocked-in using the timeclock at issue. In addressing this argument, *Watson* stated as follows:

6

> Plaintiff's damages flow from the 'single overt act' of the initial collection and storage of his biometric data. According to the Complaint, 'From the start of Plaintiff's employment with Defendants in 2012, Defendants required him to have his 'fingerprint and/or handprint collected and/or captured so that Defendants could store it and use it moving forward as an authentication method.' The Complaint alleges that, *before* collecting Plaintiff's biometric information, Defendants did not provide Plaintiff with the required written notices and did not get his required consent. While the Complaint alleges that Plaintiff had to scan his hand every day he worked, **all his damages flowed from that initial act of collecting and storing Plaintiff's handprint in Defendants' computer system without first complying with the statute**. Plaintiff's handprint was scanned and stored in Defendants' system on Day 1, allowing for authentication every time he signed in. Plaintiff's cause of action accrued when his handprint allegedly was collected in violation of BIPA on his first day of work on December 27, 2012. Therefore, because Plaintiff filed his case on March 15, 2019, Plaintiff's claim is time-barred under the five-year statute of limitations.

Ex. D at 3 (emphasis added).

After the trial court dismissed the plaintiff's claims in *Watson* as time-barred, the plaintiff appealed the dismissal to the Illinois Appellate Court. On December 15, 2021, the Illinois Appellate Court, as a matter of first impression at the appellate level, held that BIPA claims for alleged violations of Section 15(b) accrue "each and every" time a defendant captures biometric information.[3] *Watson v. Legacy Healthcare Fin. Servs., LLC*, 2021 IL App (1st) 210279, ¶46. The defendant in *Watson* filed a petition for leave to appeal the Illinois Appellate Court's holding to the Illinois Supreme Court. The petition remains pending. The intermediate appellate court's ruling in *Watson* is the only appellate level decision as to when BIPA claims accrue.

---

[3] *Watson* does not foreclose Defendants' position that Plaintiff's BIPA claim accrued a single time, when she first used and enrolled in the timeclock in June 2016. To the extent that timekeeping system at issue collected Plaintiff's biometric identifier (an allegation that Defendants deny but that is accepted as true for purposes of this Rule 12(b)(6) motion), the timeclock system did so only one time—the first time Plaintiff used it in June 2016.

7

Five days after the Illinois Appellate Court issued its ruling in *Watson*, the United States Court of Appeals for the Seventh Circuit, in *Cothron v. White Castle System, Inc.*, 20 F. 4th 1156 (7th Cir. 2021), certified the following question to the Illinois Supreme Court:

> Do section 15(b) and 15(d) claims accrue each time a private entity scans a person's biometric identifier and each time a private entity transmits such a scan to a third party, respectively, or only upon the first scan and first transmission?

On December 23, 2021, the Illinois Supreme Court accepted the Seventh Circuit's certification and the issue of when BIPA claims accrue remains pending before the Illinois Supreme Court in *Cothron*.

At this point, neither the Seventh Circuit nor Illinois Supreme Court has issued a ruling as to when BIPA claims accrue (i.e., upon the first scan and first transmission or upon each scan and transmission). This Court should resolve this issue by holding that Plaintiff's BIPA claims accrued when she enrolled in the timekeeping system "using a scan of [] [her] fingerprint" and first used the timeclock—both of which she admits occurred on June 5, 2016. ECF No.1-2, Compl., ¶3, ¶47. First, to the extent the timekeeping system collected Plaintiff's "biometric identifiers" or "biometric information" as BIPA defines those terms, it did so only one time—when she first enrolled in the system "using a scan of [] [her] fingerprint" on June 5, 2016. Second, June 5, 2016 is when Ralphs allegedly violated BIPA and/or when Plaintiff's statutory rights under BIPA were violated. Third, June 5, 2016 is when Plaintiff's alleged injury occurred and she gained the right to file her claims under BIPA. And fourth, Plaintiff did not suffer any separate or distinct injuries or alleged violations of her BIPA rights in subsequent timeclock punches. Under her theory, her biometric identifier (allegedly, her fingerprint) had allegedly been captured upon the first punch and enrollment in the timeclock, and she does not allege that separate or different biometric identifiers were captured during subsequent punches.

Thus, consistent with the circuit courts' reasoning in *Smith*, *Robertson*, and *Watson*, her cause of action accrued in June 2016. But Plaintiff did not file this action until March 25, 2022—almost six years after she enrolled in the timekeeping system and first used the system on June 5, 2016. Put another way, Plaintiff waited almost six years after Ralphs allegedly collected her biometrics in violation of BIPA to bring the instant lawsuit. As a result, her Section 15(a) and (b) claims are time-barred under the five-year statute adopted in *Tims*. And her claim under Section 15(d) of BIPA is time-barred as that claim is subject to a one-year statute of limitations. *Tims*, 2021 IL (1st) 200563, ¶35.

Further, even if the Illinois Supreme Court were to hold in *Cothron* that BIPA claims accrue each time a timeclock is used, Plaintiff's claim under Section 15(d) of BIPA would remain time-barred. A one-year statute of limitations applies to claims under Section 15(d) of BIPA. *Tims*, 2021 IL (1st) 200563, ¶35. Plaintiff's employment with Ralphs ended on August 9, 2020. ECF No. 1-2, Compl., ¶47. She therefore both started and stopped using the timeclock at issue more than one year prior to when she filed this lawsuit on March 25, 2022—and does not allege any use of the timeclock at issue or any disclosure of her "biometric data" following the termination of her employment. This renders her Section 15(d) claim time-barred regardless of how the Illinois Supreme Court rules in *Cothron*.[4]

## CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiff's Complaint in its entirety with prejudice.

---

[4] Plaintiff's claims under Section 15(a) and (b) would also remain time-barred if the Illinois Supreme Court holds a one-year statute of limitations applies to those claims as Defendants maintain—even if *Cothron* holds BIPA claims accrue upon last usage, not first usage. Defendants expressly reserve this additional defense if *Tims* holds as they anticipate.

        Respectfully submitted by:

        Ralphs Grocery Company d/b/a Food 4 Less Midwest and The Kroger Co.

        By: */s/ Joseph D. Kern*
        Diane Webster
        Peter E. Pederson
        Joseph D. Kern
        HINSHAW & CULBERTSON LLP
        151 North Franklin Street, Suite 2500
        Chicago, Illinois 60606
        (312) 704-3000 Phone
        (312) 704-3001 Fax
        dwebster@hinshawlaw.com
        ppederson@hinshawlaw.com
        jkern@hinshawlaw.com

## **CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on June 10, 2022, he electronically filed this document through the Court's CM/ECF system, which will cause a copy of the document to be delivered electronically to counsel of record identified below.

<u>Counsel for Plaintiff</u>
Ryan F. Stephan
James B. Zouras
Haley R. Jenkins
STEPHAN ZOURAS, LLP
100 N. Riverside Plaza, Suite 2150
Chicago, Illinois 60606
rstephan@stephanzouras.com
jzouras@stephanzouras.com
hjenkins@stephanzouras.com

        */s/ Joseph D. Kern*
        Joseph D. Kern

1051036\310898483.v2