**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **MAETEAN JOHNSON, individually,** | ) |
| **and on behalf of all others similarly situated,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) Case No. 22-cv-02409 |
| **v.** | ) |
| | ) |
| **RALPH'S GROCERY CO., d/b/a FOOD 4 LESS** | ) |
| **MIDWEST, and THE KROGER COMPANY,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |
| | ) |

<u>**PLAINTIFF'S UNOPPOSED PETITION FOR APPROVAL OF ATTORNEYS' FEES
AND COSTS, SETTLEMENT ADMINISTRATION EXPENSES, AND A SERVICE
AWARD TO NAMED PLAINTIFF**</u>

Class Counsel, Stephan Zouras, LLP, respectfully move for an award of attorneys' fees in the amount of $2,126,250.00, or 35% of the Settlement Fund, costs in the amount of $8,825.00 and administration expenses not to exceed $41,000.00. In addition, Class Counsel move for an award of a service payment of $7,500.00 to the Named Plaintiff Maetean Johnson ("Class Representative" or "Named Plaintiff") in recognition of the risks she undertook, claims she is releasing, and the time she expended on behalf of the class.

Class Counsel's efforts in this matter from case initiation, through the pleading stage, the completion of initial written discovery requests, mediation, and through the notice and approval stages, have been without compensation, and their entitlement to payment has been wholly contingent upon the result achieved. <u>Exhibit 1</u>, Affidavit of Anna Ceragioli ("Ceragioli Aff.") ¶¶ 15, 19. Class Counsel's efforts have resolved this action before incurring the time, difficulties,

expense, and uncertainty of further litigation and without the years of delay any appeal might cause, which has preserved judicial resources and benefitted the class.

## I.     BACKGROUND

### A.     Class Counsel Performed Substantial Work in this Case and Achieved Significant Results for the Class.

Class Counsel has vigorously litigated this case for over two years. Named Plaintiff brought a putative class action on March 25, 2022, against Ralphs Grocery Company d/b/a Food 4 Less Midwest and The Kroger Company (collectively "Defendants"). Dkt. No. 1. Plaintiff asserted claims under the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.* alleging Defendants utilized a biometric timekeeping system in Illinois and required their workers to use the device when clocking into and out of work. Plaintiff alleged Defendants failed to comply with BIPA by: (1) failing to inform individuals in writing that it will be collecting, storing, and using biometric data; (2) failing to inform individuals in writing of the specific purpose and length of time for which their biometric data is collected, stored, and used; (3) failing to obtain individuals' written release and/or consent for the collection, use, storage, and dissemination of their biometric data; and (4) failing to develop and adhere to a publicly-available retention schedule and guidelines for permanently destroying individuals' biometric data.

This matter was removed to the United States District Court for the Northern District of Illinois on May 6, 2022. Dkt. No. 1. This case was stayed on June 17, 2022 pending a ruling from the Illinois Supreme Court in *Cothron v. White Castle* and Defendant's motion to dismiss was denied without prejudice. Dkt. No. 17. On March 9, 2023, the Parties submitted a joint status report requesting that the stay be lifted and Defendants be given leave to answer or otherwise plead. Dkt. No. 26. On April 21, 2023, Defendants submitted an Answer to Plaintiff's Complaint. Dkt. No. 39. The Parties submitted Rule 26(A)(1) initial disclosures on May 24, 2023. Plaintiff responded

to Defendants' written discovery requests on June 21, 2023. Defendants responded to Plaintiffs' written discovery requests on July 18, 2023 and supplemented on August 18, 2023.

The Parties agreed to pursue mediation with Hon. Judge Morton Denlow (Ret.), which involved both the preparation of fulsome pre-mediation statements in advance of the mediation and a week of arms-length negotiations facilitated by Judge Denlow in the week following the mediation. *See* Dkt. No. 63. The Parties reached a settlement in principal after these efforts, which culminated in the drafting of, and execution of, a Settlement Agreement. Dkt. No. 66-1. On February 28, 2024, the Court preliminarily approved the Parties' non-reversionary Settlement; certified the class; appointed Stephan Zouras, LLP as Class Counsel; appointed the Named Plaintiff Maetean Johnson as Class Representative; directed that notice (as amended by the Court) be mailed; and set a date for a final approval hearing. Dkt. No. 66. No Class Members filed objections and only eight (0.13%) have requested exclusion from the settlement. Exhibit 2, Decl. of Amy Lechner Regarding Notice Administration ("Admin Decl.") ¶¶ 14, 16.

**B.** **Class Members Were Notified of Class Counsel's Proposed Award of Fees, Administration Expenses, and Service Payment to Named Plaintiff through Class Notice.**

Class Counsel entered into a retainer with the Named Plaintiff allowing Class Counsel to apply for a reasonable percentage of the recovery as a contingency fee payment, plus actual out of pocket expenses. Ceragioli Aff. ¶ 16. Consistent with this agreement, the Settlement provides that Class Counsel may apply for an award of attorneys' fees in the amount of 35% of the Settlement Fund, or $2,126,250.00, out-of-pocket litigation costs not to exceed $8,825.00, and reasonable settlement administration expenses not to exceed $41,000.00. *Id.* ¶ 17. Class Members were notified of these terms and the proposed service award to the Named Plaintiff in the Notice of Proposed Class Action Settlement ("Class Notice"). *Id.* ¶ 21; *see also* Exhibit 2-A, Class Notice. The Class Notice also informed Class Members of their right to object and described the

procedures for asserting such objections. *Id.* Eight Class Members requested exclusion from the settlement and zero Class Members objected. *Id.* ¶¶ 14, 16.

## II. ARGUMENT

### A. An Award of Attorneys' Fees and Costs Is Permitted Under BIPA.

As a threshold matter, prevailing parties, which may include plaintiffs who favorably settle their cases, may be entitled to reasonable attorneys' fees and costs under BIPA. *See* 740 ILCS 14/20(3) (" . . . a prevailing party may recover for each violation…reasonable attorneys' fees and costs, including expert witness fees and other litigation expenses . . ."). Class Counsel requests 35% of the Settlement Fund, or $ 2,126,250.00, for attorneys' fees, plus $8,825.00 in out-of-pocket litigation costs. As explained below, these requests are fair given the excellent settlement result and are equal to or lower than attorneys' fee awards in other similar BIPA class settlements.

### B. The Court Should Award Attorneys' Fees Based on the Percentage Method.

When counsel's efforts result in the creation of a common fund, counsel is "entitled to a reasonable attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *see also Americana Art China Co. v. Foxfire Printing & Packaging, Inc.*, 743 F.3d 243, 247-48 (7th Cir. 2014); *Primax Recoveries, Inc. v. Sevilla*, 324 F.3d 544, 548 (7th Cir. 2003) (creation of a common fund "entitles [counsel] to a share of that benefit as a fee"). The percentage of the fund method is "based on the equitable notion that those who have benefited from litigation should share in its costs." *Sutton v. Bernard*, 504 F.3d 688, 691 (7th Cir. 2007) (quoting *Skelton v. G.M. Corp.*, 860 F.2d 250, 252 (7th Cir. 1988)) (internal quotation marks omitted); *see also Boeing*, 444 U.S. at 478 (court prevents inequity "by assessing attorney's fees against the entire fund, thus spreading fees proportionately among those benefited by the suit").[1]

---

[1] Although there are two ways to compensate attorneys for successful prosecution of statutory claims – the lodestar method and the percentage of the fund method, *see Florin v. Nationsbank of Ga., N.A.*, 34 F.3d

It is especially appropriate to use a common fund approach to the fee award in cases based on fee-shifting statutes when the "settlement fund is created in exchange for release of the defendant's liability both for damages and for statutory attorneys' fees . . ." *Skelton*, 860 F.2d at 256; *Florin*, 34 F.3d at 564. Here, the Settlement Fund has been created in exchange for the release of the Class Members' claims under BIPA, both for statutory damages and attorneys' fees and costs. *See* 740 ILCS 14/20.

There are several other reasons that courts in the Seventh Circuit favor the percentage of the fund method. First, it promotes early resolution and removes the incentive for plaintiffs' lawyers to engage in wasteful litigation to increase their billable hours. *See In re Synthroid Mktg. Litig.*, 325 F.3d 974, 979-80 (7th Cir. 2003). Where attorneys' fees are limited to a percentage of the total, "courts can expect attorneys to make cost-efficient decisions about whether certain expenses are worth the win." *Gaskill v. Gordon*, 942 F. Supp. 382, 386 (N.D. Ill 1996), *aff'd*, 160 F.3d 361 (7th Cir. 1998); *see also In re Amino Acid Lysine Antitrust Litig.*, No. 95 Civ. 7679, 1996 WL 197671, at *2 (N.D. Ill. Apr. 22, 1996) (explaining "growing recognition that in a common fund situation . . . a fee based on a percentage of recovery . . . tends to strike the best balance in favor of the clients' interests while at the same time preserving the lawyers' self-interest").

Second, the percentage method preserves judicial resources because it saves the Court from the cumbersome task of reviewing complicated and lengthy billing documents. *Florin*, 34 F.3d at 566 (noting "advantages" of percentage of the fund method's "relative simplicity of

---

560, 565-66 (7th Cir. 1994) – the trend in this Circuit is to use the percentage of the fund method in common fund cases like this one. *See Wong v. Accretive Health, Inc.*, 773 F.3d 859, 862 (7th Cir. 2014); *Campbell v. Advantage Sales & Mktg. LLC*, No. 09 Civ. 1430, 2012 WL 1424417, at *2 (S.D. Ind. Apr. 24, 2012) (FLSA settlement). In fact, the Seventh Circuit has cast doubt on the continued relevance of the lodestar method. *See Redman v. RadioShack Corp.*, 768 F.3d 622, 633 (7th Cir. 2014) (rejecting justification for attorneys' fees based on "amount of time that class counsel reported putting in on the case," and stating "the reasonableness of a fee cannot be assessed in isolation from what it buys"). The trend in other circuits is to use the percentage of the fund method as well. *See Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005); *In re Cendant Corp. PRIDES Litig.*, 243 F.3d 722, 732 (3d Cir. 2001).

administration"). Courts in this district routinely apply the percentage method to common fund settlements and have noted the advantages of this approach. *See, e.g.*, *In re AT&T Mobility Wireless Data Servs. Sales Tax Litig.*, 792 F. Supp. 2d 1028, 1040 (N.D. Ill. 2011) (using percentage method because it did "not need to resort to a lodestar calculation, which would be costly to conduct, to reinforce the same conclusion"); *Gaskill*, 942 F. Supp. at 386 (describing advantages of percentage method, including judicial efficiency and an "efficient check on the attorney's judgment" in economic decision-making); *see also Bryant v. Loews Chicago Hotel, Inc.*, No. 1:19-cv-03195, Dkt. 77 (N.D. Ill. Oct. 30, 2020); *Dixon v. Smith Senior Living*, No. 1:17-cv-08033, Dkt. 103 (N.D. Ill. Aug. 20, 2019).

**C.      Class Counsel's Requested Attorneys' Fees Are Fair and Reasonable.**

**1.      The benefits conferred upon the class justify the fee award.**

The Settlement will provide the Class with substantial relief, including cash payments. All Settlement Class Members are guaranteed an equal share of the Settlement Fund, amounting to a gross settlement payment amount of $1,000.00. After deductions for Court-approved attorneys' fees and costs, settlement administration expenses, and a service award, Settlement Class Members will receive approximately $642.00. In addition to the monetary relief, the non-monetary benefits created by the Settlement—Defendants' assurance that they have ceased using biometric timekeeping systems—also merits approval. And importantly, the Settlement does not present any signs of collusion, as it was resolved two years after it was initiated. This period, along with time spent pre-litigation, involved research into BIPA and the rapidly evolving case law in this area, analysis of the strength and weaknesses of Plaintiff's claims and Defendants' defenses, including investigation into Defendants' policies and practices regarding the collection, capture, storage, use, and dissemination of biometric data, the exchange of formal written discovery, and the preparation and evaluation of pre-mediation submissions. Ceragioli Aff. ¶¶ 9-10.

6

**2.      Continued litigation presented significant risk to the class.**

While Plaintiff believes she would prevail on her claims, the outcome is far from certain. Class Counsel faced potentially significant legal hurdles in attaining class action certification and in proving liability and damages. On liability, Plaintiff would have to overcome Defendants' defenses including but not limited to whether the data collected by its timeclocks and related software was biometric data, whether Plaintiff properly pleaded her claims, and whether any alleged non-compliance with BIPA was negligent, intentional, or reckless to warrant statutory liquidated damages. Thus, as in any complex action, Plaintiff generally faces uncertainties. *Cf.*, *West Virginia v. Chas. Pfizer & Co.*, 314 F. Supp. 710, 743-44 (S.D.N.Y. 1970) ("[i]t is known from past experience that no matter how confident one may be of the outcome of litigation, such confidence is often misplaced").

**3.      There are no objections to Class Counsel's request for fees.**

Class Members had the opportunity to object to Class Counsel's fees before the deadline for objections. *See* Fed. R. Civ. P. 23(h). The Class Notice notified Class Members of the percentage of the Settlement Fund that Class Counsel would seek for attorneys' fees and costs. The Settlement Administrator has thoroughly implemented the notice plan and the Objection/Exclusion deadlines have passed. Not a single Class Member objected, and only eight Class Members (0.13%) requested exclusion. The lack of any opposition to the Settlement or Class Counsel's fee request, demonstrates overwhelming support for the Settlement.

**4.      Analysis of the market for legal services supports class counsel's request.**

Courts ultimately "must do their best to award counsel the market price for legal services, in light of the risk of nonpayment and the normal rate of compensation in the market at the time." *In re Synthroid Mktg. Litig.*, 264 F.3d 712, 718 (7th Cir. 2001). District courts must "undertake an

analysis of the terms to which the private plaintiffs and their attorneys would have contracted at the outset of the litigating when the risk of loss still existed." *Sutton*, 504 F.3d at 692. They "must do their best to recreate the market by considering factors such as actual fee contracts that were privately negotiated for similar litigation, [and] information from other cases . . ." *Taubenfeld v. AON Corp.*, 415 F.3d 597, 599 (7th Cir. 2005).

Here, Class Counsel's request is based on the market in the Northern District of Illinois, where class action lawyers routinely contract to receive one-third or more of any settlement in all types of common fund matters as compensation for the risk of funding a potential multi-year litigation without any assurance of recovery. *See, e.g.*, *Castillo v. Noodles & Co.*, No. 16-CV-03036, 2016 WL 7451626, at *4 (N.D. Ill. Dec. 23, 2016) (awarding attorneys' fees of one-third of the settlement fund in a hybrid FLSA collective action and state law class action); *McCue v. MB Fin., Inc.*, No. 15-CV-988, 2015 WL 4522564, at *3 (N.D. Ill. July 23, 2015) (same); *Campbell*, 2012 WL 1424417 at *2 (approving award of one-third of settlement plus costs in FLSA collective action); *Taubenfeld*, 415 F.3d at 599-600 (noting class actions in the Northern District of Illinois have awarded fees of 30-39% of the settlement fund); *Gaskill v. Gordon*, 160 F.3d 361, 362-63 (7th Cir. 1998) (affirming award of 38% of fund); *Goldsmith v. Tech. Solutions Co.*, No. 92 Civ. 4374, 1995 WL 17009594, at *7-8 (N.D. Ill. Oct. 10, 1995) (awarding one-third of the settlement fund and noting that "where the percentage method is utilized, courts in this District commonly award attorneys' fees equal to approximately one-third or more of the recovery").

Class Counsel are nationally recognized for their expertise in litigating complex class and collective actions, including several successfully litigated and resolved BIPA class actions on behalf of other Illinois citizens with similar claims to those asserted here, and are justified in seeking compensation in the form of 35% of any potential settlement for their efforts. Ceragioli Aff. ¶ 7, 18.

Before initiating this litigation, Class Counsel and the Named Plaintiff agreed that Class Counsel would request a reasonable percentage of any future recovery. Ceragioli Aff. ¶ 16. Thus, the Court knows what private plaintiffs "would have negotiated with their lawyers, had bargaining occurred at the outset of the case (that is when the risk of loss still existed)," *In re Synthroid*, 264 F.3d at 718, 720, because the Named Plaintiff contracted for Class Counsel to be compensated by the method she now seeks.

Class Counsel's decision to charge the market rate is also reasonable considering the significant risks of nonpayment that Class Counsel faced. Class Counsel took this case on a contingent basis, meaning that there was a substantial risk that they would not be paid. *See Sutton*, 504 F.3d at 693-94 ("We recognize that there is generally some degree of risk that attorneys will receive no fee (or at least not the fee that reflects their efforts) when representing a class because their fee is linked to the success of the suit."). As the Seventh Circuit has noted, Class Counsel "could have lost everything" they invested. *Matter of Cont'l Ill. Sec. Litig.*, 962 F.2d 566, 570 (7th Cir. 1992) (Posner, J.).

**D.** **Class Counsel Are Entitled to Reimbursement of Litigation Costs and Settlement Administration Expenses.**

As noted above, the award of litigation costs, as well as fees, is permitted under BIPA. *See* 740 ILCS 14/20. Class Counsel has advanced litigation costs and expenses which were reasonably and necessarily incurred during this litigation. Ceragioli Aff. at ¶¶ 23-24. Class Counsel seeks an award of $8,825.00 in actual out-of-pocket litigation costs. *Id.* at ¶ 22.

**E.** **The Court Should Award the Class Representative's Service Award.**

Class Representative Maetean Johnson requests a Service Award of $7,500 for her work in filing and prosecuting this lawsuit in her own name, which remains a matter of public record, for conferring with Class Counsel throughout this case, for answering formal requests for

production and interrogatories issued by Defendants, and for recovering significant monetary and prospective relief for the Class. Courts may make separate awards to class representatives in recognition of their risks taken, time expended and benefits to the class. *See Espenscheid v. Direct Sat USA, LLC*, 688 F.3d 872, 876-77 (7th Cir. 2012). Named plaintiffs in class action lawsuits play a crucial role in bringing justice to those who would otherwise be hidden from judicial scrutiny. "Because a named plaintiff is an essential ingredient of any class action, an incentive award is appropriate if it is necessary to induce an individual to participate in the suit." *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998).

The role of the Class Representative in this litigation was crucial. She sacrificed her time to prosecute this lawsuit on behalf of 6,057 individuals who used Defendants' biometric timekeeping systems. Ceragioli Aff. ¶ 27. She reviewed and approved the Complaint; met, conferred, and corresponded with Class Counsel on a regular basis; submitted to extensive interviews and participated in the settlement efforts that led to resolution of her case. *Id.* In short, the Class Representative provided invaluable information and assistance to Class Counsel which provided for the successful conclusion of this lawsuit. The Class Notice also advised Class Members of the amount of the Service Award and no Class Member objected to it. Given the reasonableness of her request, the Class Representative Service Award warrants approval.

### F.     The Court Should Award the Settlement Administration Expenses.

Lastly, Plaintiff seeks an award for Settlement Administration expenses in the amount of $41,000.00 to be paid to Simpluris, Inc. from the Settlement Fund, for its work administering the Settlement, including distributing Notice to Class Members, answering Class Member questions, establishing and administering the qualified Settlement Fund, and distributing payments to Class Members. *See* Ceragioli Aff. ¶ 27; Admin Decl. ¶¶ 10-12. A settlement administrator performs a

crucial function in class settlements and the Court should award the reasonable payment requested from the Settlement Fund.

## III.    CONCLUSION

For the foregoing reasons, Named Plaintiff respectfully requests that the Court grant her Unopposed Petition for Approval of Attorneys' Fees and Costs and Service Payment to the Named Plaintiff.

Date:   May 22, 2024                    Respectfully Submitted,

                                        */s/ Anna M. Ceragioli*

                                        Ryan F. Stephan
                                        James B. Zouras
                                        Anna M. Ceragioli
                                        **STEPHAN ZOURAS, LLC**
                                        222 W. Adams Street, Suite 2020
                                        Chicago, Illinois 60606
                                        312.233.1550
                                        312.233.1560 *f*
                                        rstephan@stephanzouras.com
                                        jzouras@stephanzouras.com
                                        aceragioli@stephanzouras.com

                                        **ATTORNEYS FOR PLAINTIFF
                                        AND THE PUTATIVE CLASS**

## <u>CERTIFICATE OF SERVICE</u>

I, the attorney, hereby certify that on May 22, 2024, I electronically filed the attached with the Clerk of the Court using the electronic filing system which will send such filing to all attorneys of record.

*/s/ Anna M. Ceragioli*